UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FELIX ECHEVERRIA, and others similarly-situated,

       Plaintiff,

vs.

THERMA SEAL INSULATION SYSTEMS, INC., a Florida Corporation, and JAMES FINCK, individually,

       Defendants.

_____/

# COMPLAINT

COMES NOW Plaintiff, FELIX ECHEVERRIA, by and through his undersigned attorneys, and hereby sues Defendant, THERMA SEAL INSULATION SYSTEMS, INC., a Florida Corporation, and JAMES FINCK, individually, and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant THERMA SEAL is a Florida corporation which regularly conducted business in Miami-Dade County.

6. The individual Defendant, FINCK, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant FINCK controlled the purse strings for the corporate Defendant. Defendant FINCK hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

7. Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. Defendant's business activities involves those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

8. Upon information and belief, the annual gross income for the Corporate Defendant during the years 2012 through 2015 was in excess of $500,000.00, annually.

9. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein and further states as follows.

11. The corporate Defendant installs insulation. Plaintiff was employed by the Defendant as a non-exempt insulation installer.

12. Plaintiff was employed from approximately February 2008 through August 2015.

13. From approximately 2012 through April 19, 2013, Plaintiff was paid a rate of $18.00 per hour. From approximately April 20, 2013 through April 26, 2013, Plaintiff was paid a rate of $160 per day.  From approximately April 27, 2013 through November 8, 2013, Plaintiff was paid a rate of $170 per day.  From approximately November 9, 2013 through December 2014, Plaintiff was paid a rate of $653.85 per week. From approximately January 2015 through August 2015, Plaintiff was paid a rate of $875.10 per week.

14. Plaintiff worked approximately 47 hours per week. Plaintiff was not paid overtime wages when he worked more than 40 hours per week.

15. The similarly situated individuals are those individuals whom were employed by the Defendants as insulation installers and whom were not paid overtime wages, in whole or in part.

16. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working

more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. In particular, during the period of April 2013 through November 2013, Defendants paid Plaintiff based on a daily rate, while knowing that Plaintiff worked more than 40 hours per week, and knowing their payment policy did not comply with the FLSA. From the period of November 2013 through December 2014, Defendants intentionally misclassified the Plaintiff as an exempt employee in an attempt to avoid paying overtime wages. From the period of January 2015 through August 2015, Defendants attempt to feign compliance with the FLSA by paying a fixed amount of hours every single week. However, the Defendants actions in paying a fixed amount are intended to circumvent the regulations of the FLSA.

18.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: November 30, 2015

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561